### RAYMOND STEWART V. THE STATE.

#### No. 3451.   Decided April 10, 1907.

**Theft—Misdemeanor—Charge of Court—Burden of Proof.**

Upon trial for theft where defendant's age was in issue, a charge that if the jury found defendant at the time of the commission of the offense had not sufficient discretion to understand the nature and illegality of the same to acquit, placed the burden of proof on defendant and was reversible error.

Appeal from the County Court of Haskell. Tried below before the Hon. Joe Irby.

Appeal from a conviction of theft of property under the value of $50; penalty, a fine of $1 and five days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of theft and his punishment assessed at a fine of $1 and five days imprisonment in the county jail; and prosecutes this· appeal.

There is nothing in appellant's contention, in his first bill of exceptions, to the effect that the charge authorized the jury to convict the defendant without first determining whether or not the defendant had discretion sufficient to understand the nature and illegality of the act constituting the offense charged in the indictment. The court gave a charge on this subject in the subsequent portion of the instructions,

and if this had been a sufficient legal charge, it would not matter that it occurred subsequent to the charge complained of; however, appellant insists that the charge given by the court was not a proper charge but shifted the burden of proof from the State to the defendant, inasmuch as, after the court told the jury that no person in any case could be convicted of any offense committed between the age of 9 and 13 years, unless it shall appear from the evidence that he had discretion sufficient to understand the nature and illegality of the act constituting the offense. The court then instructed the jury as follows: "Therefore, if you find from the evidence that Raymond Stewart the defendant in this cause at the time of the commission of said offense had not sufficient discretion to understand the nature and illegality of such offense, then you will acquit the defendant and so say by your verdict." Appellant contends that this shifts the burden of proof, because the law requires that the jury must first find that the defendant at the time of the commission of the alleged offense had sufficient discretion to understand the nature and illegality of the act constituting the offense charged before they would be authorized to convict him. Instead of so instructing the jury, the court told them they must find from the evidence that the defendant at the time of the commission of said offense did not have sufficient discretion to understand the nature and illegality thereof. We believe appellant's contention is correct. The law is as stated by appellant, but the court required the jury, before they could acquit the defendant, to find that he did not have sufficient discretion to understand the nature and illegality of the act. We, therefore, hold that because of the error of the court in shifting the burden improperly, the case must be reversed and the cause remanded.

*Reversed and remanded.*